WO                NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Krystal Lee Slonski,

          Plaintiff,

v.

Carolyn W. Colvin,

          Defendant.

No. CV-14-02254-PHX-JJT

**ORDER**

At issue are Plaintiff Krystal Lee Slonski's Opening Brief (Doc. 15), Defendant Commissioner of Social Security's responsive brief requesting remand (Doc. 26), and Plaintiff's Reply (Doc. 27).

An Administrative Law Judge ("ALJ") denied Plaintiff's Application for a Period of Disability and Disability Insurance Benefits under Title II of the Social Security Act ("the Act") on February 28, 2014 (Doc. 12, R. at 14-29), and the Appeals Council upheld that decision on August 13, 2014 (R. at 1-4). After Plaintiff appealed the ALJ's decision to this Court and filed an Opening Brief (Doc. 15, Pl.'s Br.), Defendant filed a motion to remand for further proceedings, stating that a report to which the ALJ gave significant weight in making his determination was missing from the record (Doc. 26, Mot. at 5-6). Plaintiff opposes a remand for further proceedings, arguing in essence that the missing report would not change the outcome and substantial evidence shows Plaintiff is disabled under the Act. (Doc. 27, Pl.'s Resp. to Mot. at 2-8.) Plaintiff thus requests that the Court remand this case for a payment of benefits. (Pl.'s Resp. to Mot. at 1.) Plaintiff also argues

that, if the Court remands this case for further proceedings, Plaintiff should be permitted to cross-examine the examining physicians. (Pl.'s Br. at 23-24.)

Plaintiff asks that the Court apply the "credit-as-true" rule, which would result in remand of Plaintiff's case for payment of benefits rather than further proceedings. (Pl.'s Resp. to Mot. at 1.) The credit-as-true rule only applies in cases that raise "rare circumstances" that permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–102 (9th Cir. 2014). These rare circumstances arise when three elements are present. First, the ALJ must fail to provide legally sufficient reasons for rejecting medical evidence. *Id*. at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and further administrative proceedings would not be useful. *Id*. at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id*. Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id*. (citations omitted).

The Court has reviewed the record in its entirety and agrees with Defendant that the record is not fully developed and that uncertainty remains as to whether Plaintiff is disabled under the Act. In his decision, the ALJ gave "significant weight" to the findings of consultive psychological examiner Dr. Adriana Tarazon Weyer in discounting certain opinions of Plaintiff's treating physicians (R. at 26), but the critical part of Dr. Weyer's report—the residual functional capacity assessment and conclusions—are now missing from the record. This Court therefore cannot complete its duty of evaluating the ALJ's decision and, more precisely, evaluating whether substantial evidence in the record before the ALJ provided specific and legitimate reasons for the ALJ to reject certain opinions of Plaintiff's treating physicians. *See Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008). Plaintiff argues that Defendant has not shown how the

missing evidence will change the outcome and that an evaluation of the remaining evidence shows an absence of specific and legitimate reasons to reject the treating physicians' opinions. (Pl.'s Resp. to Mot. at 3-5.) But a lack of substantial evidence is different from missing evidence that may or may not be sufficient to support the ALJ's rejection of treating physicians' opinions. Because the ALJ gave significant weight to a report, the key part of which is now missing, the Court must find that the record is not fully developed, requiring remand for further proceedings.

On remand, Plaintiff asks that Defendant be required to subpoena the examining physicians for cross-examination—a request the ALJ denied in his discretion without further explanation. (Pl.'s Br. at 23-24.) Because Defendant does not object to Plaintiff's request in its motion to remand and it is uncertain whether the missing record will be recovered, the Court will require Defendant to subpoena the examining physicians so that they are available to Plaintiff for cross-examination as part of the proceedings on remand. *See* 20 C.F.R. § 404.950; *Copeland v. Bowen*, 861 F.2d 536, 539 (9th Cir. 1988).

In sum, because of the uncertainty left by a gap in the record, uncertainty also remains as to whether Plaintiff is disabled under the Act. As Defendant points out, on remand, the ALJ must order Defendant to try to obtain the missing opinion and, as necessary, reassess the severity of Plaintiff's impairments, consider all of the medical opinions of record, articulate the weight given to the medical opinions and the reasons therefor in a detailed and thorough manner, reassess Plaintiff's testimony and credibility, and draw conclusions as to Plaintiff's residual functional capacity and her resulting ability to perform past relevant work or other work in the national economy, taking additional vocational expert testimony if needed. (*See* Mot. at 9-10.)

For all the foregoing reasons, the Court will remand this matter to the ALJ for further development of the record and a disability determination.

IT IS THEREFORE ORDERED granting Defendant Commissioner of Social Security's Motion for Remand for Further Proceedings (Doc. 26). The Court remands this matter for further proceedings consistent with this Order and requires Defendant to

subpoena the examining physicians so that they are available to Plaintiff for cross-examination.

      IT IS FURTHER ORDERED directing the Clerk of Court to enter judgment accordingly and close this case.

      Dated this 30th day of March, 2016.

_____
Honorable John J. Tuchi
United States District Judge